USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/10/07 AL_

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CAROLINE CHEN**
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
E-mail: cchen@law.nyc.gov

August 6, 2007

**BY HAND**
Honorable Barbara S. Jones
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
AUG 07 2007
CHAMBERS OF
BARBARA S. JONES

Re:  Kenneth Cameron v. Coach Appearal Store, et al.
     07 Civ. 3991 (BSJ)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the above-referenced matter. I write to respectfully request that defendant New York City Police Department be granted a sixty-day enlargement of time from August 6, 2007 to October 6, 2007, to answer or otherwise respond to plaintiff's complaint. As plaintiff is incarcerated and proceeding *pro se* in this matter, we cannot communicate with him directly and thus make this request without his consent.

In the complaint, plaintiff alleges, *inter alia*, that on or about July 14, 2004, employees of the Coach Apparel Store "had [him] arrested." Plaintiff claims that this arrest was made without probable cause and that as a result of the arrest, he has been falsely imprisoned and suffers from stress and chest pains.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. To that end, this office has already forwarded to plaintiff for execution, a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal investigation. Defendant cannot obtain these records without the designation, and without the records, defendant cannot properly assess this case or properly respond to the complaint. Furthermore, as plaintiff has placed his



physical condition at issue, we have also already forwarded to plaintiff for execution HIPAA-compliant medical releases so that we may obtain access to his medical records. In addition, this office has requested records pertaining to this incident from the New York City Police Department. An enlargement of time will allow defendant to obtain these necessary records and to investigate plaintiff's allegations.

No previous request for an extension has been made. Accordingly, defendant New York City Police Department respectfully requests that its time to answer or otherwise respond to the complaint be extended to October 6, 2007.

Thank you for your consideration of this request.

Respectfully submitted,

Caroline Chen (CC5289)
Assistant Corporation Counsel

cc:    Kenneth Cameron (by mail)
       *Plaintiff Pro Se*
       05R1883
       Downstate Correctional Facility
       122 Red Schoolhouse Rd, P.O. Box 445
       Fishkill, New York 12524-0445

*Application granted. Defendant New York City Police Department has until October 6, 2007 to answer or otherwise respond to plaintiff's complaint.*

SO ORDERED
Dated:                    BARBARA S. JONES
                          U.S.D.J.

8/9/07

2