

DEC - 5 2007

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

CAROLINE CHEN
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
E-mail: cchen@law.nyc.gov

December 4, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/11/07

MEMO ENDORSED

**BY HAND**
Honorable Douglas F. Eaton
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Kenneth Cameron v. Coach Appearal Store, et al.
07 Civ. 3991 (BSJ)(DFE)
This is not an ECF case

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the New York City Police Department ("NYPD") in the above-referenced matter. I write in response to plaintiff's "Notice of Motion" dated November 13, 2007. For the Court's convenience, a copy of said "Notice of Motion" is annexed hereto Exhibit "A."

On November 8, 2007, defendants appeared before Your Honor, with plaintiff on the telephone, for the initial conference in this matter. Defendant NYPD indicated that it intended to submit a motion pursuant to F.R.C.P. 12(c). Counsel for co-defendants Coach Apparel Store, Meredith Bell and Kimberly Shaw, indicated same. Accordingly, the Court set December 17, 2007 as the date of motion submission to the Honorable Barbara S. Jones. In addition, Your Honor held discovery in abeyance pending the Court's decision on the motions.

However, by the November 13th "Notice of Motion," plaintiff appears to request that the following documents be "placed ... on record" in the instant matter: (1) a two-page letter dated September 16, 2004, purportedly written by a "court appointed" investigator and addressed to an attorney named "Terrence J. Grifferty;" and (2) grand jury minutes from plaintiff's criminal proceeding arising from his arrest on July 14, 2007, which underlies the instant action. A copy of the two-page letter can be found under Exhibit "A."

By letter dated November 26, 2007, co-defendants Coach Apparel Store and its two employees indicated that they have no objection to the inclusion of these documents "in the



record on the 12(c) motions" but that the Court hold in abeyance plaintiff's request until defendants' motions under F.R.C.P. 12(c) are fully presented. For the Court's convenience, a copy of said letter is annexed hereto as Exhibit "B."

Defendant NYPD requests that the Court hold in abeyance plaintiff's requests made in the November 13th "Notice of Motion" pending motion practice. First, Your Honor had already held discovery in abeyance pending motion practice. As motion papers are scheduled to be submitted by all parties on or about February 4, 2008, Your Honor has already determined that discovery is held in abeyance until at least that date. Second, plaintiff had already annexed to his complaint the indictment and supporting affidavit underlying his arrest on July 14, 2004, providing grounds for defendant's motion under F.R.C.P. 12(c).

In any event, this office is not presently in possession of grand jury minutes from the criminal proceeding arising from plaintiff's arrest on July 14, 2004. Should plaintiff's claims survive motion practice, this office does not object to the inclusion of said grand jury minutes in the record as permitted under the Federal Rules of Civil Procedure.

Accordingly, defendant NYPD respectfully requests that plaintiff's requests, made by the "Notice of Motion" dated November 13, 2007, be held in abeyance pending motion practice in the instant matter.

Thank you for your consideration of this request.

Respectfully submitted,

[signature]

Caroline Chen (CC5289)
Assistant Corporation Counsel

**MEMO ENDORSED**

12/11/07 — 1. By 12/17/07, defendants must make their dismissal motions to Judge Jones (and mail a copy to Mr. Cameron).
2. By 1/18/08, Mr. Cameron must mail his opposing papers to Judge Jones (and mail a copy to Mr. Quint, and mail a copy to Ms. Chen).
3. By 2/4/08, defendants may mail any reply papers to Judge Jones (and mail a copy to Mr. Cameron).
4. Until further order by Judge Jones, I hereby stay all other proceedings in 07 Civ. 3991 (BSJ) (DFE), including the annexed 11/13/07 motion by Mr. Cameron.

Douglas F. Eaton

cc: Kenneth Cameron (by regular mail)
*Plaintiff Pro Se*
# 05-R-1883
Elmira Correctional Facility
PO Box 500, 1879 Davis St.
Elmira, New York 14902-0500

Jon Quint, Esq. (by fax)
Mount Cotton Wollan & Greengrass
*Attorneys for Codefendants*
One Battery Park Plaza
New York New York 10004-1486

Exhibit A

Reorder No. 5105
JULIUS BLUMBERG, INC
NYC 10013



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

X

KENNETH CAMERON,

Plaintiff,

-against-

COACH APPEARAL STORE, et al.,

Defendants.

X

NOTICE OF MOTION
(BSL)(DFE)
07 Civ. 3991( )

SIRS:

**PLEASE TAKE NOTICE** that upon the annexed affidavit or affirmation of KENNETH CAMERON sworn to or affirmed Nov. 13th, 20 07 and upon the complaint herein, plaintiff will move this Court, Douglas F. Eaton, U.SM .J., in room ____, United States Courthouse, New York, New York 10007, on the 1st day of DEC., 20 07, at ______ or as soon thereafter as counsel can be heard, for an order pursuant to rule_____ of the Federal Rules of Civil Procedure granting:

To file a two (2) page letter from investigator as exhibit to the fact that defendants acted (Coach) under color of law

Dated: NOV. 13, 2007

Kenneth Cameron
Plaintiff *Pro Se*

P.O. BOX 500
Address

Elmira, New York 14902
City, State, Zip Code

____________________
Phone Number



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH CAMERON,

Plaintiff,

-against-

COACH APERAL STORE, et al.,

Defendants.

AFFIDAVIT/AFFIRMATION
(BSL) (DFE)
07 Civ. 3991 ( )

STATE OF NEW YORK )
COUNTY OF ) SS.:

I, Kenneth Cameron, [being duly sworn] deposes and says [or: makes the following affirmation under the penalties of perjury]:

I, Kenneth Cameron, am plaintiff in the above entitled action, and respectfully move this Court to issue an order place exhibits on record and order the GraND Jury transcript

The reason why I am entitled to the relief I seek is the following:

See attached statement of entitlement

**WHEREFORE,** I respectfully request that the court grant the within motion, as well as such other and further relief and may be just and proper.

Sworn to before me this 13TH day of NOV, 2007

KENNETH CAMERON
print your name

OR: I declare under penalty of perjury that the foregoing is true and correct.

Executed on NOV 13, 2007

KENNETH CAMERON
print your name

STATEMENT OF ENTITLEMENT

That after our conversation with defendant's attorney on November 11, 2007, I plaintiff find it nessarary to have these exhibits filed as part of the record and in respect to what was being said about a motion to dismiss before discovery can begin. I plaintiff request that this letter exhibit (Universal Investigations Inc.) dated Sept. 16, 2004, be placed on record as to any motion to dismiss and or Summary Judgement application to dismiss under the guise that defendants (Coach) did not act "under color of law". That defendant Coach through employee Ms. Corday who was working on the day of my arrest July 14, 2004, stated to my court appointed investigator Leroy Swinney, Jr., President of Universal Investigation Inc., "According to Ms. Corday she was working on July 14, 2004 (date of the second incident) when the defendant and a second female came into the store. Supecting that Kim Shaw a former Coach employee was in on the identity theft scheme police (plain clothes) was alerted. Undercover police officers were in the store when the alleged transaction took place involving the defendant.

That defendants action to have notified the police July 11, 2004, date of the first incident concerning an identity theft set up a sting opperation through the suspecting former employee's Kim Shaw and Ms. Bell (defendants), defendant Coach conspired with N.Y.C. Police Dept.

That plaintiff testified at the Grand Jury informing the Grand Jury that defendants Kim Shaw and were the people that committed the crimes, and that plaintiff needs a copy of that complete transcript from the District Attorney.

(2)

WHEREFORE plaintiff request that this attached exhibit be part of the record and that this court order the Grand Jury transcript and complete record of the criminal proceeding/and or order defendants to turn over a copy of the sealed record that I plaintiff unsealed to get to the bottom of this illegal arrest.

Respectfully submitte,

Kenneth Cameron

# UNIVERSAL INVESTIGATIONS, INC.

350 Broadway, Suite 311
New York, NY 10013
(212) 334-9033

81 Pondfield Road, #143
Bronxville, NY 10708
(914) 699-0774
Facsimile (914) 699-4314

**Leroy Swinney, Jr.**
**President**

**Licensed-Bonded**
**Insured**

September 16, 2004

Terrence J. Grifferty
Attorney At Law
67 Wall Street, Suite 2211
New York, NY 10005

**Re; State of New York Vs Kenneth Cameron**

Dear Mr. Grifferty:

As requested on September 14, 2004 this Investigator visited the Coach Store located on 342 Madison Avenue @ 44th Street, New York City. Thereat I met with Jacquelyn Corday, Store Manager. Ms. Corday was receptive when advised of my identity and I was there on behalf of the defendant.

According to Ms. Corday she was working on July 14, 2004 (date of the second incident) when the defendant and a second female came into the store. Suspecting that Kim Shaw a former Coach employee was in on the identity theft scheme police (plain clothes) was alerted. Undercover police officers were in the store when the alleged transaction took place involving the defendant. According to Ms. Corday the entire incident was observed or witnessed by former store manager Meredith Bell. Meredith Bell is no longer with Coach, she is engaged and living in California with her fiancé. Ms. Corday was not aware if Ms. Bell spoke with the District Attorney. Ms. Corday said she is in contact with Ms. Bell but she would not provide any information to the undersigned. She agreed to contact Ms. Bell and have her call my office. As the date of this report I have not heard from Meredith Bell.

Further information from Ms. Corday indicated there are no close circuit cameras or monitors in this Coach Store. My request to take photographs within the store was denied. Efforts are in progress to determine if there are any internal reports prepared by a Coach personal.

Submitted for your information.

Sincerely,

Leroy Swinney, Jr.
President

***LS/paws***

Reorder No. 5105
JULIUS BLUMBERG, INC.
NYC 10013
©10% P.C.W.

Exhibit B



MOUND COTTON WOLLAN & GREENGRASS
COUNSELLORS AT LAW
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486
(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA

JON QUINT
SENIOR ATTORNEY
(212) 804-4211
JQUINT@MOUNDCOTTON.COM

November 26, 2007

Hon. Barbara S. Jones
United States District Judge
500 Pearl Street
New York, New York 10007

Re: Cameron v. Coach Apparel Store
07 CV 03991 (BSJ)

Dear Judge Jones:

As you know from my prior letters, this firm represents Coach, Inc. (sued herein as Coach Apparel Store and referred to herein as "Coach") and the individual defendants Shaw and Bell in the above matter.

I am in receipt of the notice of motion of defendant dated November 13, 2007. As the docket will reflect, and as is suggested by the statement attached to the notice of motion, this matter was conferenced before Magistrate Judge Eaton on November 8. I and the attorney for the other defendants, from the New York City Corporation Counsel's office, appeared before the Magistrate Judge and the plaintiff was conferenced in by telephone from the Elmira Correctional Facility. At that time the Corporation Counsel and I informed Judge Eaton of our intention to make motions pursuant to F.R.C.P. 12(c) and we, at the Magistrate Judge's request, briefly outlined the basis for our motions, which will of course be fully presented in the papers that will be filed with you. That colloquy probably prompted the plaintiff's motion.

We believe that the response to the 12(c) motions to be brought would be the proper place to put this documentary material before the Court rather than by this separate motion. Even though defendants' motions are not for summary judgment, it is our intention, since the plaintiff already effectively placed the entire record from the underlying state criminal charge before the Court (he annexed the indictment and affidavit supporting the arrest as exhibits to the complaint), I intend to argue that other portions of that same file are appropriate to be before the Court. Even though the letter defendant annexes to his most recent motion was never part of the court file, it does relate to the underlying criminal proceeding. Upon the completion of the motion papers we might in fact wish to refer to this document, but even if we don't, I would not object to its inclusion in the record on the 12(c) motions. Accordingly I see no reason to respond



to the motion and suggest the Court hold it in abeyance until the 12(c) motions are fully presented, which by the Magistrate Judge's scheduling order will not be until February.

Similarly, even though the Notice of Motion does not seek that separate relief, the supporting affidavit also speaks of the Grand Jury minutes. Again, I would have no objection to including them, if and when they are made available to this firm.

Respectfully yours,

MOUND, COTTON, WOLLAN & GREENGRASS

By: Jon Quint

JQ/sn

cc:

Caroline Chen, Esq.
New York City Department of Law

Mr. Kenneth Cameron,
Plaintiff Pro Se