```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
KENNETH CAMERON,                     :
                                     :
                      Plaintiff,     :
            v.                       :   07-CV-3991 (BSJ DFE)
                                     :
                                     :   Opinion & Order
COACH APPAREL STORE, MEREDITH BELL,  :
KIMBERLY DE'ANN SHAW, CITY OF NEW    :
YORK, MICHAEL FRIEL                  :
                                     :
                      Defendants.    :
                                     :
------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/09

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Defendants Coach Apparel and named employees (the "Coach Defendants") and the City of New York and officer Michael Friel move for dismissal on the pleadings, pursuant to Rule 12(c). In the alternative, Defendants move for conversion to summary judgment pursuant to Rule 12(d). Plaintiff Kenneth Cameron opposes the motion for judgment on the pleadings. The Court hereby DENIES the motion for judgment on the pleadings and GRANTS the motion for conversion to summary judgment.

**Background**[1]

Plaintiff alleges that on July 14, 2004, he was arrested on charges of forgery and harassment after attempting to make a

---

[1] For purposes of deciding the motion for judgment on the pleadings, allegations stated in the Complaint are accepted as true. *Young-Flynn v. Kelly*, 234 F.R.D. 70, 73 (S.D.N.Y. 2006) (citing *DeMuria v. Hawkes*, 328 F.3d 704, 706 n. 1 (2d Cir. 2003))

cash purchase at the Coach Apparel Store on Madison Avenue in New York. (Comp. 3-4.) Plaintiff was then charged with forgery and the alleged unauthorized use of credit cards to make purchases at the Coach Store, and harassment (after the arresting officer claimed that the Plaintiff spit at him).

The Plaintiff was later indicted by a Grand Jury on various counts related to Forgery, Identity Theft, and Harassment. (Comp. 3-4, incorporating Indictment #3945-04.) All counts of that indictment were ultimately dismissed upon recommendation from the District Attorney, and Plaintiff pled guilty to similar charges arising out of a separate incident, as well as charges of bail jumping. (Comp. 5.) Plaintiff is currently serving a three to six year sentence for that plea.

Plaintiff alleges that his prosecution pursuant to Indictment #3945-04 ceased due to the unavailability of various named Coach employees, as well as the arresting officer, and that Defendants inability or unwillingness to "follow through" on the various charges levied against him "caused Plaintiff to be held in jail for 2 years, 9 months, and 4 days without a trial." (Comp. 8-12.)

**Legal Standard**

A motion under Rule 12(c) for judgment on the pleadings is evaluated under the same standard as one pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim.

*DeMuria v. Hawkes,* 328 F.3d 704, 706 n. 1 (2d Cir. 2003). "Thus, the Court must accept as true the factual allegations stated in the complaint and any document incorporated to it by reference or upon which it heavily relies in the formulation of the pleadings, as well as draw all reasonable inferences in plaintiff's favor." *Id.* (citing *Schnall v. Marine Midland Bank,* 225 F.3d 263, 266 (2d Cir. 2000)). "Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Qader v. New York,* 396 F.Supp.2d 466, 469 (S.D.N.Y.2005) (quoting *Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999)).

The Court considers the Complaint to articulate claims of false arrest and malicious prosecution against the City of New York and the arresting officer Michael Friel, as well as the Coach Defendants. Defendants have responded to these claims in their papers, and based on Plaintiff's Opposition to the Motion to Dismiss, Plaintiff appears to adopt these as his causes of action.

**Discussion**

*THE NEW YORK POLICE DEPARTMENT DEFENDANTS*

Keeping in mind that Plaintiff appears *pro se*, the Court will construe his claims against the New York Police Department

(Plaintiff makes allegations concerning the actions and policies of the police department), which is not a suable entity, as being claims against the City of New York. *See* N.Y. City Charter, Chapter 16, section 396; *see e.g. Connell v. City of New York*, 230 F.Supp.2d 432, 433 n.3 (S.D.N.Y. 2002).

*THE 1983 DEFENDANTS*

As stated above, Plaintiff has named the Coach Apparel Store, two of its employees, and a New York City police officer in his personal capacity, as Defendants to claims under section 1983.  Section 1983 addresses only those injuries caused by state actors or those acting under color of state law. *Rendell-Baker v. Kohn,* 457 U.S. 830, 835, 102 S.Ct. 2764, 2768, 73 L.Ed.2d 418 (1982). A private defendant may be held liable only as "a willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966)).  "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). Although Plaintiff has not included detailed allegations as to the conduct of the individual defendants, the Complaint does

make some attempt to allege that Coach acted in concert with the individual officer and the police department generally. The Court declines to dismiss the claims against these defendants at this time.

FALSE ARREST

A plaintiff claiming false arrest or false imprisonment under New York law,[2] must allege that "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Id.* (quoting *Broughton v. State,* 335 N.E.2d 310, 314 (N.Y.1975)); *see also Weyant,* 101 F.3d at 852. It is well-settled that the existence of probable cause is justification for an arrest within the meaning of the fourth element, and will be "a complete defense to an action for false arrest." *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994).

An officer has probable cause for an arrest when he or she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn,* 361 F.3d 737, 743 (2d Cir. 2004). The probable cause inquiry

---

[2] Second Circuit courts analyze such allegations using the applicable tort law of the state in which the arrest occurred. *See Davis v. Rodriguez,* 364 F.3d 424, 433 (2d Cir.2004) (collecting cases).

focuses on the information available to the officer at the time of arrest; an officer's subjective intent is irrelevant. *Devenpeck v. Alford,* 543 U.S. 146, 152-53, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). Interpreting *Devenpeck,* the Second Circuit held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch,* 439 F.3d 149, 154 (2d Cir. 2006).

After a liberal reading of the Plaintiff's Complaint, the Court declines to resolve the matter under Rule 12(c). Again, although Plaintiff does not provide great detail, the Court may draw reasonable inferences from his allegations to determine that he does challenge the probable cause of his arrest.

*MALICIOUS PROSECUTION*

The elements of a cause of action for malicious prosecution are (1) initiation of a criminal proceeding, (2) termination favorable to plaintiff, (3) lack of probable cause for commencing the proceeding, and (4) actual malice as a motivation for defendant's actions. *Murphy v. Lynn,* 118 F.3d 938, 947 (2d Cir. 1997). There is no dispute that a prosecution was initiated. As to the remaining elements the Plaintiff has

sufficiently pled his action for malicious prosecution and the motion to dismiss pursuant to Rule 12(c) is denied.

*CONVERSION TO SUMMARY JUDGMENT*

When matters outside the pleadings are presented in connection with a motion to dismiss, "a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). The Second Circuit permits conversion of a motion to dismiss into a motion for summary judgment provided the non-moving party has had "reasonable opportunity to meet facts outside the pleadings." *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985). Here, Cameron received a Rule 56.2 statement[3] from the defendants and, as summarized above, both parties proceeded to reference materials beyond the scope of the pleadings. Accordingly, it is appropriate to convert this motion to one for summary judgment. Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the

---

[3] Defendants produced for Plaintiff notice pursuant to Local Rule 56.2, describing Defendant's motion in the alternative for summary judgment, pursuant to Rule 56, and informing Plaintiff of his obligations in opposing the motion for summary judgment. To ensure that Plaintiff is fully aware of these obligations, a new Local Rule 56.2 notice will be delivered to Plaintiff with this opinion.

motion must be treated as one for summary judgment under Rule 56.").

**CONCLUSION**

Defendants' Motion for Judgment on the Pleadings is therefore DENIED. Defendants' motion for conversion to a motion for summary judgment is GRANTED. PLAINTIFF IS ORDERED to inform the court on or before March 24, 2009 whether he wishes to engage in discovery and/or whether he ntends to submit additional affidavits or other evidence in opposition to the motion for summary judgment. If the Plaintiff does not wish to engage in discovery and does not wish to submit additional affidavits or evidence, the Court will decide the motion for summary judgment on the papers before it.

**SO ORDERED:**

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         March 3, 2009

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------ X
                                     :
KENNETH CAMERON,                     :
                                     :
                 Plaintiff,          :
        v.                           :   07-CV-3991 (BSJ DFE)
                                     :
                                     :   **LOCAL CIVIL RULE 56.2**
COACH APPAREL STORE, MEREDITH BELL,  :   **NOTICE TO PRO SE**
KIMBERLY DE'ANN SHAW, CITY OF NEW    :   **LITIGANT WHO OPPOSES**
YORK, MICHAEL FRIEL                  :   **A MOTION FOR SUMMARY**
                 Defendants.         :   **JUDGMENT**
                                     :
------------------------------------ X

      The defendants in this case have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This means that the defendants have asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion.  THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSSED WITHOUT A TRIAL IF YOU DO NOT RESPOND OR HAVE NOT ALREADY RESPONDED TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by the Local Civil Rule 56.1.  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendants' motion for summary judgment.

If you do not respond or have not already responded to the motion for summary judgment with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.


Dated:   New York, New York
         March 3, 2009